J-S01027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOEY VINCENT SULLENBERGER | : | |
| | : | |
| Appellant | : | No. 684 MDA 2020 |

Appeal from the Judgment of Sentence Entered February 21, 2020
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0000240-2019

BEFORE:   LAZARUS, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:                **FILED APRIL 09, 2021**

Joey Vincent Sullenberger (Appellant) appeals from the judgment of sentence entered in the Cumberland County Court of Common Pleas, following his *nolo contendere* plea to one count of aggravated indecent assault, five counts of sexual assault by a sports official, and one count of indecent assault.[1]  Appellant challenges the sufficiency of the evidence supporting his classification as a sexually violent predator (SVP) under the Sexual Offenders Registration and Notification Act (SORNA II).[2]  For the following reasons, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3125(a)(1), 3124.3(a), 3126(a)(1).

[2] *See* 42 Pa.C.S. §§9799.10 to 9799.42.

The facts underlying this case are as follows. Appellant was a softball hitting coach at the Central Penn Sportsplex (CPS) in Cumberland County, Pennsylvania. Affidavit of Probable Cause (APC), 1/11/19, at 6.[3] Over the course of several months, Appellant sexually victimized seven girls who worked or trained with him at the CPS facility. *See* APC, at 6-8; Sexual Offender Assessment, at 1-4. The victims ranged in age from 13 to 18 at the time of the offenses. *Id.* Appellant inappropriately touched six of the victims. This included touching their mid, inner, and outer thighs, groin areas, buttocks, hips, breasts, and putting his hands inside two of the victim's pants and "rubbing" one of victim's vagina "directly under her underwear[.]" *See id.* With regard to the seventh victim, a 16-year-old, Appellant digitally penetrated her on more than one occasion, engaged in oral sex and made her touch him sexually. *See id.* at 2-3. Appellant also asked her to send him "underwear pictures of her" calling it "homework," and coached her "on what to say to police [and] if she ha[d] a medical exam." *Id.* at 3.

On August 28, 2019, Appellant pleaded *nolo contendere* to one count of aggravated indecent assault, five counts of sexual assault by a sports official, and one count of indecent assault. Before sentencing, the trial court ordered a SOAB assessment to determine if Appellant met the criteria for classification

_____

[3] We note the transcripts of testimony from Appellant's plea hearing are not included in the certified record, so we glean the facts from the Affidavit of Probable Cause and the assessment by the Sexual Offenders Assessment Board (SOAB). *See* APC at 6-8; Sexual Offender Assessment, 10/6/19, at 1-5.

as a sexually violent predator (SVP) pursuant to 42 Pa.C.S. § 9799.24(a) ("After conviction but before sentencing, a court shall order an individual convicted of a sexually violent offense to be assessed by the board."). The trial court held a combined SVP and sentencing hearing on February 21, 2020.

At the hearing, the Commonwealth presented the testimony of Dr. Robert Stein, the SOAB board member who performed Appellant's SVP assessment. N.T. 2/21/20, at 4. Dr. Stein testified that, before submitting his assessment, he reviewed "[t]he report from the board investigator summarizing available information, the court order for the assessment, criminal complaint, affidavit of probable cause, criminal information, Carlisle Police Department reports, and an interview of [Appellant] by the Carlisle Police Department." *Id.* at 5. He also noted that Appellant "exercised his right not to participate" in the evaluation. *Id.* Dr. Stein concluded, "to a professional degree of certainty[,]" that Appellant met the criteria for classification as a SVP. *Id.* at 5-6. Specifically, Dr. Stein found Appellant had a "mental abnormality," namely "other specified paraphilic disorder" with a specification of "non-consent based on a pattern of non-consenting sexual behavior of greater than six months with multiple victims." *Id.* at 6. Furthermore, Dr. Stein testified Appellant's condition is "considered to be lifetime" and "likely to occur again if [Appellant is] given unsupervised access [to] underage girls[.]" *Id.* Dr. Stein concluded Appellant engaged in "a pattern of predatory behavior," where he "abused his position of authority as a hitting instruction to get private access to" his victims so that he could

- 3 -

manipulate and sexually victimize them. *Id.* Appellant did not provide any evidence or present any witnesses to contradict Dr. Stein's report.

Following Dr. Stein's testimony, the trial court found Appellant to be a SVP. That same day, the court sentenced Appellant to an aggregate term of 4 years', 9 months' to 10 years' incarceration, followed by a 10-year probationary period. Appellant filed a timely motion to modify his sentence, which the trial court denied on March 17, 2020. This appeal followed.[4] Appellant complied with the trial court's order to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises one issue on appeal:

> Did the trial court err in finding that [Appellant] met the criteria of a sexually violent predator pursuant to 42 Pa.C.S. §§ 9799.24 and 9799.12 where the Commonwealth failed to prove by clear and convincing evidence that [he] suffers from a mental abnormality or personality disorder that makes him likely to engage in predatory sexually violent offenses as the Commonwealth's only expert testified that he could not know what was in [Appellant's] mind and did not know if [Appellant] sought out non-consensual relationships?

Appellant's Brief at 7.

---

[4] Appellant filed his notice of appeal on May 7, 2020, more than 30 days after the trial court denied his timely-filed post-sentence motion on March 17, 2020. *See* Pa.R.Crim.P. 720(A)(2)(a) (notice of appeal must be filed within 30 days of order deciding timely post-sentence motion). However, the time for filing his notice of appeal fell within our Supreme Court's statewide judicial emergency due to the COVID-19 pandemic. *See In re Gen. Statewide Jud. Emergency*, 230 A.3d 1015, 1017 (Pa. 2020) (extending filing deadlines for all legal papers "which are required to be filed between March 19, 2020, and May 8, 2020" to May 11, 2010). Accordingly, we will consider Appellant's notice of appeal to have been timely filed.

Our standard of review on this issue is well settled:

In order to affirm [a] SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a sexually violent predator. As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

*Commonwealth v. Fuentes*, 991 A.2d 935, 942 (Pa. Super. 2010) (*en banc*)

(citation omitted). Moreover,

The clear and convincing standard requires evidence that is "so clear, direct, weighty, and convincing as to enable the [trier of fact] to come to a clear conviction, without hesitancy, of the truth of the precise facts [in] issue."

*Commonwealth v. Maldonado*, 838 A.2d 710, 715 (Pa. 2003) (citations

omitted).

SORNA II defines a SVP as:[5]
An individual who committed a sexually violent offense on or after December 20, 2012, for which the individual was convicted, . . . who is determined to be a sexually violent predator under section 9799.24 (relating to assessments) due to a mental abnormality or

_____

[5] In *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017) (*Butler* I), this Court held that the statutory mechanism for determining SVP status was unconstitutional because it "increase[d] the criminal penalty to which a defendant [was] exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." *Id.* at 1218. However, our Supreme Court reversed that ruling in *Commonwealth v. Butler*, 226 A.3d 972 (Pa. 2020) (*Butler* II), holding: "[T]he [SVP registration, notification, and counseling] requirements do not constitute criminal punishment and therefore the procedure for designating individuals as SVPs under Section 9799.24(e)(3) . . . remains constitutionally permissible." *Id.* at 976.

personality disorder that makes the individual likely to engage in predatory sexually violent offenses.

42 Pa.C.S. § 9799.12. The statute further defines mental abnormality and predatory as follows:

> **"Mental abnormality."** —A congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons.
>
> \*   \*   \*
>
> **"Predatory."** —An act directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization.

*Id.*

The statute delineates several factors the SOAB evaluator must consider to determine if an offender meets the criteria for classification as a SVP. Those factors include, *inter alia*, the number of victims, the nature of the sexual contact, the relationship of the offender to the victim, the age of the victim, whether the offender displayed unusual cruelty, the characteristics of the offender, and any other criteria "reasonably related to the risk of reoffense." *See* 42 Pa.C.S. § 9799.24(b)(1)-(4).

Here, Appellant contends the Commonwealth "failed to prove by clear and convincing evidence that [he] suffers from a mental abnormality or personality disorder." Appellant's Brief at 12. Appellant insists "the salient inquiry to be made by the trial court is the identification of the **impetus** behind the commission of the crime and the extent to which the offender is likely to

**reoffend**." *Id.* at 13, *citing* **Commonwealth v. Geiter**, 929 A.2d 648, 651 (Pa. Super. 2007). Appellant argues that although Dr. Stein opined that Appellant "suffered from another specified paraphilic disorder with the specification of non-consent," he conceded he "could not know what was in [Appellant's] mind or . . . what [Appellant] was seeking in the relationships underlying his convictions." *Id.* According to Appellant, "what was in [his] mind, and knowing what he was seeking, is precisely the issue." *Id.* He insists without this insight, "a finding of a mental abnormality is not possible[.]" *Id.* at 13. Thus, Appellant contends the trial court's determination that he is a SVP must be reversed. *Id.* at 14.

As noted **supra**, the trial court determined Appellant met the criteria for classification as a SVP based on Dr. Stein's assessment. Dr. Stein detailed his consideration of the factors outlined in 42 Pa.C.S. § 9799.24(b). **See** N.T., 2/21/20, at 7-9; Sexual Offender Assessment at 5-7. The trial court relied upon Dr. Stein's conclusions as follows:

> **1. The individual has a congenital or acquired "condition" which is the impetus to the sexual offending.**
> This matter involved an extensive pattern of [Appellant] manipulating his underage students into allowing some level of sexual contact. He attempted to get at least two students to arrange to get away from their parents and go away with him for a few days. The acts in this matter are deemed to be non-consenting sexual behavior. None of these were dating or otherwise consenting sexual relationships, regardless of the girls' ages, though he claimed that the relationship with [one of the victims] was consenting. There is sufficient evidence for Other Specified Paraphilic Disorder: Non-Consent. There is sufficient evidence for a condition that is the impetus to sexual offending.

- 7 -

**2. The individual suffers from a lifetime "condition."**
Paraphilic disorders are not curable conditions. There is sufficient evidence for a lifetime condition.

**3. The "condition" over-rode the individual's emotional/volitional control.**
[Appellant] either could not or would not control repeated urges to sexually touch multiple underage girls who did not consent to be touched. There is sufficient evidence for a condition that over-rode emotional/volitional control

**4. Likelihood of reoffending.**
Based on the large number of victims and persistence of sexual misconduct over the course of greater than 6 months, there is sufficient evidence for a condition that makes sexual re-offending likely.

Trial Ct. Op. 3/4/2020, at 6-7 (citation omitted).

Upon review of the record, we agree with the trial court's determination that Appellant met the criteria for a classification as a SVP. Appellant victimized seven victims ranging in age from 13 to 18. Dr. Stein opined the number of victims is consistent with a "greater . . . 'practice' or risk taking than an offense that might involve a single victim." N.T. 2/21/20, at 7. Dr. Stein noted the nature of the offenses, "hands-on[, including] penetrative sexual touching[,] was relevant for the issue of mental abnormality." *Id.* He also referenced the authority Appellant had over the victims, as well as Appellant's age, as being relevant and pertinent to his determination that Appellant engaged in predatory behavior. *See id.* at 7-8. Of significant note is that one of the victims was only 13 years old. *Id.* Dr. Stein opined that targeting such a young victim in addition to the nonconsensual nature of the acts with the older victims is "consistent with sexually deviant behavior." *Id.*

at 7. He also testified Appellant has shown a "pattern of manipulation," relevant for predatory behavior and mental abnormality. *Id.* at 9.

Based upon this testimony, we agree the Commonwealth presented clear and convincing evidence that Appellant suffers from a mental abnormality that made "it likely he would engage in predatory sexually violent offenses." Trial Ct. Op. at 7. The evidence was sufficient to support Appellant's classification as a SVP. Dr. Stein testified to Appellant's mental abnormality and predatory behaviors, specifically noting the likelihood Appellant would reoffend. *See* N.T. 2/21/20, at 6; *Commonwealth v. Stephens*, 74 A.3d 1034, 1041 (Pa. Super. 2013) (affirming trial court's SVP determination when assessor opined offender was at risk of reoffending because his mental abnormality was an incurable condition and offender engaged in predatory behavior "because he had intentionally 'promoted or maintained' a relationship with [victim] 'for the purposes of sexual victimization"); *Fuentes*, 991 A.2d at 942, 944 (when "the expert's report and testimony support the trial court's finding that [defendant] was [a] SVP, there is no basis for granting sufficiency relief") (citation omitted).

Appellant insists, however, that "a finding of mental abnormality is not possible" without knowing "what was in [his] mind [and] what he was seeking[.]" Appellant's Brief at 13 (emphasis omitted). Appellant provides no authority for this position since it defies a common sense reading of the statute. We emphasize the statute merely requires a determination the offender have "a mental abnormality or personality disorder that makes the

individual likely to engage in predatory sexually violent offenses." 42 Pa.C.S. § 9799.12. A court may determine an individual is a SVP based on expert testimony and the surrounding facts of the case. *See Commonwealth v. Hollingshead*, 111 A.3d 186, 193 (Pa. Super. 2015) (trial court may rely on expert testimony and facts in a given case to conclude an individual's diagnosis is sufficient to find they have a mental abnormality under the statute). The trial court found Dr.Stein's analysis of the 42 Pa.C.S. § 9799.24 assessment factors, discussed *supra*, credible. The trial court further agreed with Dr. Stein's determination that Appellant suffered from a mental abnormality as defined in 42 Pa.C.S. §§ 9799.12. The statute does not require the SOAB assessor or the trial court to read Appellant's mind.

The trial court decided that Dr. Stein's conclusions provided clear and convincing evidence that Appellant has a "congenital or acquired 'condition' which is the impetus to the sexual offending[ ]" and it is a lifetime condition which "over-rode" Appellant's emotional and volitional control, thus making reoffending likely. Trial Ct. Op. at 6-7 (citation omitted). It is Appellant's **behavior** and not his thoughts which satisfy the statute's criteria for a SVP determination. *See* 42 Pa.C.S. §§ 9799.12, 9799.24(b). Finally, Dr. Stein's testimony "was not contradicted by any testimony or evidence to the contrary." Trial Ct. Op. at 7. For these reasons, we agree with the trial court's determination that the Commonwealth met its burden of presenting clear and convincing evidence that Appellant is a SVP.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/09/2021